In the Matter of the Claim of WILLIAM HOGAN, Respondent, against ONONDAGA COUNTY, ONONDAGA COUNTY HIGHWAY DEPARTMENT, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 17, 1927.

Workmen's compensation — award — average weekly wage — claimant was day laborer on highway in employ of county — claimant had worked only four days before accident — county continued its highway work during winter — work was not seasonal and average weekly wage was properly determined under Workmen's Compensation Law, § 14, subd. 2.

The claimant at the time of his injury was in the employ of the county of Onondaga as a day laborer on its highways and had been in that employ about four days.   Since it appears that the county continues its highway work throughout the year, in that during the winter months it manufactures road material and repairs machinery and equipment, the employment in itself was not seasonal and, therefore, it was proper to determine the average weekly wage of the claimant under subdivision 2 of section 14 of the Workmen's Compensation Law.

APPEAL by Onondaga County, Onondaga County Highway Department, from an award of the State Industrial Board, made on the 15th day of November, 1926.

*Nathan Abelson,* for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

HINMAN, J.  The sole question is whether the State Industrial Board adopted the proper method for computing the amount of the average weekly wages of the claimant.  Section 14 of the Workmen's Compensation Law provides three methods of arriving at the average weekly wages.  The first method contemplates that the claimant shall have worked " in the employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury."  The claimant's length of service in the employment was only four days and thus the first method had no application.  The second method contemplates that in such event claimant's average annual earnings shall consist of 300 times the average daily wage " which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed."  The third method contemplates the reasonable annual earning capacity of the claimant in his employment in the event that neither of the foregoing methods can be reasonably and fairly applied.  In seasonal occupation, the compensation should be calculated under the third method.  (*Kittle* v. *Town of Kinderhook,* 214 App. Div. 345; *Matter of Littler* v. *Fuller Co.,* 223 N. Y. 369.)

The question litigated in the instant case was whether Onondaga county, the employer, was engaged in a seasonal " trade, business or occupation " in carrying on its highway construction work.  (*Mackin* v. *Press Publishing Co.,* 209 App. Div. 252, 253; Workmens Compensation Law, § 2, subd. 5, as amd. by Laws of 1922, chap. 615; Id. § 3, subd. 1, group 17, as amd. *supra.*)  Whether this employer's highway business was continuous or seasonal depends upon its method of doing that business.  Ordinarily we think of road construction work in this climate as seasonal since actual road construction is discontinued during the winter months.  It is possible, however, for one engaged in such a " trade, business or occupation " to utilize the winter months in the manufacture of road materials and the repair of machinery and equipment, thus eliminating " the element of discontinuousness."  The " employment " is in the same " trade, business or occupation."  The preparation of materials and

machinery for the work is a proper element of the road building occupation and may be made a part of it by the employer so engaged. It is none the less so even though some employers engaged in that business may buy their stone already crushed or may have no need to repair their machinery or may not undertake such work during the winter months. Onondaga county, however, did engage, during the winter months, in crushing stone to be used in its highway work and in repairing its highway machinery; and part of the day laborers employed by it in so doing in its quarries and shops during the winter months remained in the county's employ as day laborers on the highways. Claimant, up to the time of his accident on the highway in May, 1925, had been employed as a day laborer.

The State Industrial Board has found that Onondaga county in the highway department thereof is not engaged in a seasonal occupation, but that it employs day labor throughout the year in said department. This finding has evidence to support it and claimant's average weekly wages were properly computed upon the basis of 300 days to the year. The appellant's counsel questions whether there is any proof from which to fix the average daily wage of an employee of the same class (day laborer) working substantially the whole of the year immediately preceding claimant's accident. That fact, however, does not seem to have been controverted at the hearings. The point at issue seems to have been only whether 209 days for a seasonal occupation or 300 days for a continuous occupation should be the factor used in the computation.

The award should be affirmed.

Cochrane, P. J., Van Kirk, McCann and Whitmyer, JJ., concur.

Award affirmed, with costs to the State Industrial Board.