In the Matter of the Claim of JOSEPH GEROUX, Respondent, against McCLINTIC-MARSHALL COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 20, 1929.

*Evans, Hunt & Rees* [*Joseph F. Donovan* of counsel], for the appellant.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

PER CURIAM. There is no valid support in the record for the wage rate found by the Board. The claimant, a structural steel worker, had not worked in this structural steel employment, either for the same employer or another, during substantially the whole of the year immediately preceding his injury and his average weekly wages could not be determined under subdivision 1 of section 14 of the Workmen's Compensation Law. The Board has adopted the measure of subdivision 2 of that section, but there is no proof that the employer's work or similar employment was being carried on substantially the whole year, nor have we any proof of the average daily wage which an employee of the same class, working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, earned in such employment during the days when so employed. The proof shows the wages of a man who worked as a structural steel worker 192 days in the preceding year. One hundred and ninety-two days is not substantially a year. It appears that as a class such structural steel workers lose considerable time on account of weather conditions and for purely personal reasons and they lose time in moving from one job to another. The average annual working period of employees in this class seems to be around 200 days. The Board has, however, accepted the wages of one of these employees, working 192 days in the preceding year, as the basis of a computation of the claimant's average weekly wages under subdivision 2 of section 14. If the employer's work or a similar employment does not continue during

the whole of the year or if there is no employee of the same class working substantially the whole of the immediately preceding year in the same or in a similar employment in the same or a neighboring place, the average weekly wages should be computed under subdivisions 3█ and 4 of said section 14. (*McDonald* v. *Burden Iron Co.*, 206 App. Div. 571; *Testo* v. *Burden Iron Co.*, 211 id. 219; *Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369.)

The award should be reversed and the claim remitted for further proof as to the wage rate in accordance with this opinion.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur; HILL, J., dissents.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, to take further proof as to the wage rate.