In the Matter of the Claim of BERTHA SORENSON, Respondent, against THE QUEENSBORO CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 14, 1937.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Hector A. Robichon, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

RHODES, J. (Acting P. J.). The appeal presents an interesting question involving the wage rate fixed herein.

While plaintiff was employed as a janitress of an apartment house on August 25, 1933, a falling milk bottle struck her in the

left eye, as a result of which she lost the use of the eye and suffered serious permanent facial disfigurement for which disfigurement she has previously been awarded and paid the sum of $1,000. When she was hired her wages were agreed upon at fifteen dollars per month cash in addition to the rent of a four-room apartment, gas, electricity and telephone, making her earnings seventy-one dollars and fifty cents per month. Claimant had worked in her said employment but ten days at the time of the accident. Both parties are in agreement that the Board in making the award herein, instead of computing it upon the amount of her actual monthly wage rate, based it upon the earnings of another janitor who took care of two similar apartments and was allowed eighty-eight dollars cash per month plus rent of an apartment, gas, electricity and telephone, of the value of forty-five dollars a month. The Board divided by two the amount of eighty-eight dollars cash paid per month, and added to the resulting forty-four dollars an allowance of fifty-four dollars for rent, gas, electricity and telephone, making a total of ninety-eight dollars per month, and based claimant's wage rate upon the earnings of said other janitor, assumed to be an employee of a class similar to that of claimant.

The appellant asserts that the action of the Board has resulted in a wage rate which is too high; that the wages of the said janitor upon which the Board has based its computation are not those of an employee of the same class or of a similar class to that of claimant and, further, that the wage rate adopted does not fairly represent the wage-earning capacity of claimant.

It is evident that the award as thus computed does not fairly represent her wage-earning capacity. The record indicates that except for the accident she would have continued steadily in her employment at the same rate at which she was hired. The idea seems to be widely prevalent as to cases where the injured employee has not worked in his employment for substantially the whole of a year, that in ascertaining the wage-earning capacity it is necessary that it be measured by the wages of some employee other than the injured employee, even though the wages of such other employee may exceed those of the one injured; that the wages of the injured employee may not be used as the standard.

The statute neither expressly nor by intendment forbids the fixing of the wage-earning capacity by the scale of wages of the injured employee; in fact, the statute indicates that in such case the wage-earning capacity is to be measured by the actual rate of earnings of the injured employee.

The statute (Workmen's Comp. Law, § 14) contemplates that the rate as fixed " *shall reasonably represent* the *annual earning capacity* of the injured employee in the employment in which he

was working at the time of the accident." By subdivision 1 of the section, if the employee has worked in such employment substantially the whole of the year, his average annual earnings are based upon the *average daily wage or salary* which he shall have *earned;* by subdivision 2 of the section, if he has not worked in such employment substantially the whole of the year, his *average annual earnings* are based upon the *average daily wage or salary* of an employee of the same class working substantially the whole of the immediately preceding year. The provisions of these two subdivisions are not absolute and unqualified, for subdivision 3 provides that if the foregoing methods of arriving at the *annual average earnings* of an injured employee "*cannot reasonably and fairly be applied,* such annual average earnings shall be such sum as, *having regard to the previous earnings of the injured employee* and of other employees of the same or most similar class, working in the same or most similar employment, or other employment as defined in this chapter, in the same or neighboring locality, shall *reasonably represent the annual earning capacity* of the injured employee in the employment in which he was working at the time of the accident."

It cannot be said that the earnings of another employee " reasonably represent the annual earning capacity of the injured employee," where the earnings of such other employee thus adopted as a standard are substantially in excess of the actual indicated earnings of the injured employee. Such standard is fictitious and not in consonance with the facts and where, as here, it is apparent that the wages of the injured employee earned and to be earned are definitely shown, there is no reason why the wage-earning capacity of the injured employee should not be measured by the rate of his own actual salary or wages. Certainly by this formula the result will *reasonably represent the annual earning capacity* of the injured employee, and will accord with reality.

In cases coming under subdivision 1 and in practically all other cases where capable of ascertainment the actual rate of earnings per annum of the injured employee working substantially the whole of the year, furnishes the most fair and truthful measure of his earning capacity, and is in accord with the statutory intent.

The award should be reversed, with costs to the appellants, and the matter remitted to the State Industrial Board to make an award in accordance with this opinion.

McNamee and Crapser, JJ., concur; Bliss and Heffernan, JJ., dissent, and vote to affirm.

Award reversed, with costs to the appellants against the State Industrial Board, and matter remitted to make an award in accordance with opinion.