◼ In the Matter of the Claim of ARTHUR DELMONTE, Respondent, v. SEARS, ROEBUCK AND Co., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award for reduced earnings. Claimant was employed by the employer as an outside and inside salesman of plumbing and heating supplies for about three months prior to his accident. He was paid a base weekly salary of $55 plus commissions. His average weekly earnings during this period amounted to $105.44. On July 13, 1956, he injured his back in the employment. He returned to work for another employer on October 17, 1956, and stopped working (the reason not appearing) in December, earning a total of $650. He went to work for still another employer in August, 1957, on a part-time basis, earning $3.50 per hour. The record adequately sustains the factual determination that claimant suffered from a causally related partial disability after his return to work, and that he was unable to do heavy lifting or pushing. However, the board has determined that claimant's actual earnings subsequent to the accident represent his earning capacity, without proof that any impairment of claimant's earnings was due to his disability. We find no proof as to why claimant's first employment subsequent to the accident was terminated; why he was unemployed for a time, or why he worked only part time on his second employment subsequent to the accident. It does not appear that any heavy lifting or pushing was required in either employment. In fact, the record is silent as to the nature of the work. Moreover, we think the board employed an unrealistic method in arriving at claimant's average weekly wage before the accident. It does not appear (although there was ample opportunity for either party to offer evidence on the subject) that claimant worked for substantially the whole year prior to his injury in the employment in which he was working at the time of injury, either for the same or a different employer. It only appears that claimant worked for this employer for three months. Therefore, the board was justified in declining to base his average weekly wage solely on his own earnings, under subdivision 1 of section 14 of the Workmen's Compensation Law. The board apparently used subdivision 2 of section 14 and took the average wage of three outside-inside salesmen to arrive at an average weekly wage of $182 for claimant, although his actual earnings averaged $105.44 weekly. The annual earnings of the three "similar" employees were $12,387, $9,250 and $6,753, respectively. In the first place, subdivision 2 of section 14 does not authorize using an average of several employees, but calls for the use of "an employee" in similar employment. That feature may not be crucial, but we do not think subdivision 2 was intended to be used in the case of salesmen whose income is largely dependent upon commissions and varies so drastically. It would seem quite apparent that the commissions earned by a salesman of nine years' experience in the same line would not offer a fair comparison with the earnings of a much less-experienced salesman. Acquaintance, the development of sales methods, the hours, aggressiveness and ingenuity of the individual play such an important part that no fair comparison may be made. The very disparity in the incomes of the three employees used here demonstrates that the income of one individual from commissions offers no accurate method of determining the income of another, and does not reasonably represent the annual earning capacity of an injured employee. While no hard and fast rule may be laid down as to all cases, we think this record requires a determina-

tion that neither of the methods provided for in subdivisions 1 and 2 can "fairly and reasonably be applied", and all of the factors provided for in subdivision 3 should be given consideration, including the actual earnings of claimant, in arriving at a figure which "shall reasonably represent the annual earning capacity of the injured employee." (*Matter of Sorenson* v. *Queensboro Corp.*, 249 App. Div. 359; *Matter of Birch* v. *Budd*, 256 App. Div. 53.) Award reversed, with costs to appellant against the Workmen's Compensation Board, and the matter remitted to the board.