In the Matter of the Claim of DOROTHY PALMER, Respondent, v. SHEILA KAYE CANDIES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed May 12, 1972, as amended by supplemental decision filed October 11, 1972. The right of the claimant to compensation benefits is not in issue upon this appeal, the controversy relating solely to the use of the appropriate multiplier pursuant to the provisions of subdivisions 1, 2 and 3 of section 14 of the Workmen's Compensation Law. The claimant was employed in a candy factory which her employer regularly closed for approximately three months in each year due to lack of orders. For the year immediately preceding her accident the claimant worked approximately 167 days. The board found that neither the aforementioned subdivision 1 nor subdivision 2 "applied since claimant did not work substantially the whole of the year nor is there a similar worker who worked substantially the whole of the year." (Cf. *Matter of Beach* v. *Launder Needs Co.*, 24 A D 2d 789, 791.) Upon ruling out said subdivisions 1 and 2, the board, based upon a mathematical computation, ruled that the fair multiplier would be 245 pursuant to subdivision 3. Upon this appeal, the appellants contend that, as a matter of law, the board, when resorting to subdivision 3 of section 14 of the Workmen's Compensation Law, cannot exceed the 200 daily multiplier mentioned in said subdivision. That contention is entirely without merit as the said subdivision 3 clearly provides that the 200 multiplier is a minimum. It is to be noted that, upon the present record, it was not established that there were not similar workers in neighboring places whose wages could have been considered pursuant to subdivision 2 of section 14 of the Workmen's Compensation Law. However, no appeal has been taken by the claimant and the appellant cannot complain of the use of less than a 260 multiplier. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.