■ In the Matter of the Claim of DONALD BOUCHER, Respondent, v REAL BOUCHER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed December 22, 1978 and February 28, 1979, which reversed a referee's decision and held that the claimant's average weekly wage should be fixed pursuant to subdivision 3 of section 14 of the Workers' Compensation Law and that the 260 multiple was applicable. The board found: "based on the evidence in the record and the testimony of the claimant that claimant was not a seasonal worker; that he was ready, willing and able to work when work was available. It is further found that neither Subdivision 1 nor Subdivision 2 of Section 14 applies since the claimant did not work substantially the whole of the year, nor is there a similar worker who worked substantially the whole of the year. Therefore neither of the methods

provided for in Subdivision 1 or 2 of section 14 can fairly and reasonably be applied and pursuant to Subdivision 3, section 14, find that the 260 multiple is applicable producing an average weekly wage of $223.33." There is substantial evidence to sustain the determination of the board as amended *(Matter of Palmer v Kaye Candies,* 42 AD2d 661). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.