■ In the Matter of the Claim of EMMA MCLAUGHLIN, Appellant, v SAGA CORPORATION, Respondent. WORKERS' COMPENSA-

TION BOARD, Respondent. [661 NYS2d 312] —Appeal from a decision of the Workers' Compensation Board, filed March 26, 1996, which ruled that claimant's application for review was untimely.

This Court previously rendered a decision in this matter affirming the decision of the Workers' Compensation Board which found that claimant's application for review of a decision rendered by a Workers' Compensation Law Judge (hereinafter WCLJ) was untimely (239 AD2d 658). Following a motion to this Court for leave to appeal to the Court of Appeals, we have determined that the matter merits our reconsideration.

Claimant sought Board review of a WCLJ decision which had been filed and served on the parties on January 6, 1994. In the ordinary course of events, the 30-day limitations period set forth in Workers' Compensation Law § 23 (providing that an application for Board review must be made within 30 days after notice of filing of the decision) would have expired on February 5, 1994. Because this date fell upon a Saturday, however, the time limit was automatically extended to Monday, February 7, 1994 (*see*, General Construction Law § 25-a), the date upon which claimant's application for Board review was, in fact, mailed. This was sufficient to satisfy the time limitation of Workers' Compensation Law § 23 despite the fact that the application for Board review was not actually filed with the Board until February 15, 1994. Effective September 1, 1989, 12 NYCRR 300.13 (a) permits service in such matters by mailing the application for Board review rather than the actual filing thereof with the Board. Because claimant has submitted proof of mailing within the limitations period, we conclude that her application for Board review of the WCLJ's decision was timely. Accordingly, the Board's decision ruling that claimant's application for review was untimely is reversed and the matter is remitted to the Board for consideration of claimant's administrative appeal.

Mikoll, J. P., Mercure, White, Casey and Peters, JJ., concur. Ordered that the decision of this Court dated May 1, 1997 is rescinded; decision of the Workers' Compensation Board is reversed, with costs, and matter remitted to the Board for further proceedings not inconsistent with this Court's decision.