■ In the Matter of the Claim of KAREN TILL, Respondent, v CHAUTAUQUA OPPORTUNITIES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 387] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed February 19, 1997, which established claimant's average weekly wage.

Claimant was working as a private preschool teacher when she suffered a compensable injury. Finding that claimant, who was employed for 41 weeks (205 days) each year, worked during "substantially the whole of the year" preceding her injury, the Workers' Compensation Board applied the formula set forth in Workers' Compensation Law § 14 (1) to calculate claimant's average weekly wage. The employer contends that this determination is irrational, as it fails to take into consideration the fact that claimant actually worked less than 10 months every year and. instead provides her with the same level of benefits that would be paid to a full-time, full-year employee.

This argument has force. When one of the "known and recognized incidents" of a claimant's job is the fact that he or she is predictably laid off for several months each year, due to the nature of the particular employment, that factor should be taken into account in determining the claimant's average annual earnings pursuant to Workers' Compensation Law § 14 (*Matter of Littler v Fuller Co.*, 223 NY 369, 372). When such an employment circumstance exists, the formula outlined in Workers' Compensation Law § 14 (1), which is based on the approximate number of days worked by a five or six-day employee during an entire year, cannot "reasonably and fairly be applied" to determine the claimant's earnings (Workers' Compensation Law § 14 [3]; *see, Matter of Delmonte v Sears, Roebuck & Co.*, 12 AD2d 548, 548-549; *cf., Matter of Beach v Launder Needs Co.*, 24 AD2d 789, 791). Rather, the average weekly wage should be calculated by reference to the claimant's actual annual earnings (*see, Matter of Littler v Fuller Co.*, supra, at 372; *Matter of Hogan v Onondaga County, Onondaga County Highway Dept.*, 221 App Div 636, 637; 2 Larson, Workmen's Compensation § 60.22 [Desk ed]).

Here, the use of the "260 multiplier" set forth in Workers' Compensation Law § 14 (1) bears no rational relationship to the number of days claimant actually worked in a typical year. Accordingly, her average weekly wage must be calculated pursuant to subdivisions (3) and (4) of Workers' Compensation Law § 14 (*see, Matter of Geroux v McClintic-Marshall Co.*, 225 App Div 434, 435-436; *see also, Matter of Delmonte v Sears, Roebuck & Co.*, supra, at 549; *cf., Matter of Palmer v Kaye Candies*, 42 AD2d 661).

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.