■ In the Matter of the Claim of ANDRE DE BEAUHARNAIS-ROMANOVSKY, Appellant, v SHERATON CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 710] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed November 21, 1997, which ruled that claimant's back, neck, jaw and dental conditions were not causally related to his employment and denied his claim for workers' compensation benefits.

In 1982, claimant, a hotel worker, was struck in the face by a luggage trunk. Based upon an injury to his nose, claimant filed a claim for workers' compensation benefits which resulted in a finding of accident, notice and causal relationship. Claimant subsequently alleged injuries to his back and neck, hearing loss and dental problems as a result of the accident. In 1985, he received a facial disfigurement award and authorization for the repair of his bridgework. Based upon a report from claimant's dentist, the Workers' Compensation Board restored the case in 1986 for consideration of further disability, loss of earnings and necessity of treatment.

Following numerous hearings, claimant withdrew any back

or neck claims and the case was closed in 1991 upon a finding of no causally related dental condition or hearing loss. In 1994, the Board restored the case again and directed further development of the record on the issue of causally related head, neck, back, jaw and dental injuries, as well as hearing loss. Orthopedic and dental experts testified on behalf of claimant and the employer. and, based thereon, the Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the orthopedic claims, but found that claimant's jaw and dental conditions were causally related and authorized treatment. On appeal, the Board found no credible evidence that claimant's neck, back, jaw or dental conditions were causally related to the 1982 accident. Accordingly, the claim was denied and the case closed.

The Board's finding on the issue of causal relationship is supported by substantial evidence. At best, the testimony of claimant's experts conflicted with the testimony of the employer's experts and "it is well settled that resolution of any conflict in medical testimony on the issue of causation is within the province of the Board" (*Matter of Becker v Stryco Constr. Co.*, 252 AD2d 843). Although the employer did not appeal from the WCLJ's decision on the issue of causally related jaw and dental conditions, the Board nevertheless had jurisdiction to consider that issue and modify the WCLJ's decision (*see,* Workers' Compensation Law § 123). With regard to claimant's alleged hearing loss, it appears that neither party produced an expert to testify on that issue after the Board's 1994 order directing further development of the record. The WCLJ did not address the issue of causally related hearing loss and claimant did not raise the issue on his appeal to the Board. The issue was, therefore, not preserved for our review (*see, Matter of Gregg v Randazzo*, 216 AD2d 747, 749). Claimant's argument that the employer's workers' compensation insurance carrier never provided the dental work authorized in 1985 and should be sanctioned is similarly unpreserved for our review.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.