■ In the Matter of the Claim of HUANG SHENG KU, Appellant, v DANA ALEXANDER, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [785 NYS2d 167]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 18, 2003, which ruled, inter alia, that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant was injured after tripping over a piece of machinery at work in September 1993 as well as slipping and falling on ice away from her workplace in January 1994. After numerous hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that injuries to claimant's left knee, left middle finger and back were caused by the September 1993 work-related accident and awarded benefits. The Workers' Compensation Board subsequently modified the WCLJ's decision, determining in relevant part that there was not sufficient credible evidence to support a finding that claimant's left knee and back injuries were related to the September 1993 accident. Claimant now appeals.

Upon our review of the record, we conclude that substantial evidence supports the Board's determination. Despite claimant's testimony that she injured her leg and back in the September 1993 accident, the emergency room records compiled at the time address only the injury to claimant's finger and make no mention of any injuries to her leg or back. Claimant's coworkers similarly testified that they saw no indication that she had injured anything other than her left middle finger in the

September 1993 accident. We note that the workers' compensation carrier's medical consultant concluded that claimant's back injury was unrelated to that accident. Indeed, the medical reports in the record that relate claimant's back and leg injuries to the September 1993 accident are dated after the second incident in January 1994 and are based largely on claimant's own statements. This conflicting evidence, as well as claimant's explanation that her physicians simply ignored her complaints of injuries to her back and leg prior to her second fall in January 1994, raised credibility questions within the Board's sole province (*see Matter of Baker v Orange Heating & Cooling,* 9 AD3d 517, 518 [2004]; *Matter of Walker v Greene Cent. School Dist.,* 6 AD3d 965, 966 [2004]). Accordingly, despite the existence of evidence in the record to support a contrary result, we will not disturb the Board's determination that claimant's other injuries were unrelated to her September 1993 accident at work.

Claimant's remaining argument—that she was denied due process by the failure of the Board to provide her with a translation of all witnesses testifying at her hearings, in addition to the translation of her own testimony—was not raised before either the Board or the WCLJ and, thus, is unpreserved for our review (*see Matter of Khan v New York State Dept. of Health,* 96 NY2d 879, 880 [2001]). Contrary to claimant's assertions, the fact that this argument is constitutional in nature or involves the adequacy of the provided translation does not absolve her of the requirement of raising the issue before the Board (*see Matter of El-Sayed Aly Hemeda v Sbarro, Inc.,* 289 AD2d 784, 785 [2001], *lv denied* 98 NY2d 602 [2002], *cert denied* 537 US 1115 [2003]; *Matter of Gregg v Randazzo,* 216 AD2d 747, 749 [1995]).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.