In the Matter of the Claim of ELIZABETH FLETCHER, Respondent, v WEGMANS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [805 NYS2d 494]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed November 29, 2004, which established claimant's average weekly wage.

Claimant sustained a work-related injury to her right knee in November 2002 and thereafter applied for and was granted workers' compensation benefits. With limited exceptions, claimant had essentially worked two or three days per week for a total of 122 days during the 52-week period immediately preceding the date of the accident. As such, the Workers' Compensation Board applied the formula set forth pursuant to Workers' Compensation Law § 14 (3) in order to calculate claimant's annual average earnings. The Board then, in accordance with Workers' Compensation Law § 14 (4), divided the annual average earnings by 52 for the purpose of establishing claimant's average weekly wage, in this case $398.49 per payroll. The employer now appeals contending that the Board improperly applied the statute and erroneously computed claimant's average weekly wage. We disagree.

In our view, the Board adhered to the process prescribed by Workers' Compensation Law § 14. The Board properly concluded, and indeed the employer concedes, that Workers' Compensation Law § 14 (1) and (2) are inapplicable to this case inasmuch as claimant was not a five-day or six-day per week worker. Thus, the Board was left with no alternative but to utilize the method set forth by Workers' Compensation Law § 14 (3) to arrive at claimant's annual average earnings (*see Matter of Till v Chautauqua Opportunities*, 252 AD2d 619, 620 [1998]; *Matter of Reasoner v New York State Dept. of Motor Vehs.*, 110 AD2d 962, 963 [1985]; *Matter of Palmer v Kaye Candies*, 42 AD2d 661, 661 [1973]). Having done so, the Board correctly calculated claimant's average weekly wage to be one fifty-second of her annual average earnings (*see* Workers' Compensation Law § 14 [4]). Accordingly, we find no basis to disturb the Board's decision.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.