■ MOSES GREEN, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [825 NYS2d 9]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered on or about July 22, 2005, which denied the petition and dismissed the proceeding, brought pursuant to CPLR article 78, challenging respondent's determination terminating petitioner's employment, unanimously affirmed, without costs.

Petitioner's argument that his termination was improper because respondent failed to provide him with a five-day command notification letter or a follow-up 20-day letter is not properly before us, since defendant never raised this issue at the administrative level (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]). Moreover, "[j]udicial review of administrative determinations pursuant to CPLR article 78 is limited to questions of law. Unpreserved issues are not issues of law. Accordingly, the Appellate Division ha[s] no discretionary authority or interest of justice jurisdiction in reviewing the agency's determination" (*Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001] [citation omitted]). This includes petitioner's due process arguments (*see Matter of Walker v Franco*, 96 NY2d 891, 892 [2001]; *Matter of Huang Sheng Ku v Dana Alexander, Inc.*, 12 AD3d 988, 989 [2004]). In any event, petitioner has demonstrated no substantial prejudice by the alleged failure (*Guangdong Chems. Import & Export Corp. v United States*, 414 F Supp 2d 1300, 1306 [Ct Intl Trade 2006]). These letters are meant, essentially, to provide petitioner only with notice and an opportunity to be heard, which petitioner was unquestionably granted here. Even if the 20-day letter is read to afford petitioner an opportunity to return to work and submit documentation validating his absences for alleged illness, he was given that opportunity at the administrative hearing to provide such necessary documentation but was unable to do so. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.