■ In the Matter of the Claim of AGNES BARNARD, Appellant, v JOHN MEZZALINGUA ASSOCIATES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [827 NYS2d 766]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2005, which, inter alia, established claimant's average weekly wage.

Claimant sustained work-related injuries to both of her hands and applied for workers' compensation benefits in 2004. After a hearing, during which occupational disease, notice and causal relationship were established, a Workers' Compensation Law Judge determined, using a multiple of 260 (*see* Workers' Compensation Law § 14), that claimant's average weekly wage was $447.10. The employer sought review of that determination before the Workers' Compensation Board, maintaining that because claimant had worked only 153 days during the immediately preceding 12-month period, her average weekly wage should have been calculated using her actual earnings for the prior year, $13,681.24, divided by the actual number of weeks that she worked, 35, to arrive at an average weekly wage of $390.89. The Board, although agreeing that the Workers' Compensation Law Judge had miscalculated claimant's average weekly wage, determined that an accurate calculation of that wage required a multiple of 200 and consequently established that figure as $343.92. The sole issue on this appeal by claimant is whether the Board used the proper formula in establishing her average weekly wage.

We affirm. Claimant concedes that because she did not work substantially the whole of the year preceding her injury and because the record lacks evidence of the earnings of an employee in a position similar to hers, the Board appropriately

---

used Workers' Compensation Law § 14 (3) to calculate her average weekly wage (*see Matter of Till v Chautauqua Opportunities*, 252 AD2d 619, 620 [1998]). Inasmuch as claimant was a full-time employee who did not voluntarily limit her availability for work, we will not disturb the Board's determination that application of a 200 multiplier resulted in an award that accurately reflected her earning capacity (*see id.* at 620; *Matter of Reasoner v New York State Dept. of Motor Vehs.*, 110 AD2d 962, 963 [1985]; *cf. Matter of Servidio v North Shore Univ. Hosp.*, 299 AD2d 685, 686-687 [2002]; *Matter of Pease v Anchor Motor Frgt.*, 158 AD2d 820, 821 [1990], *lv dismissed* 76 NY2d 772 [1990]; *see generally Matter of Fletcher v Wegmans*, 24 AD3d 1015, 1016 [2005], *lv denied* 6 NY3d 710 [2006]).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.