■ In the Matter of the Claim of SHAUN TONER, Respondent, v MICHAEL HANLEY MOVING & STORAGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 728]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 21, 2005, as amended by decision filed January 11, 2006, which denied the workers' compensation carrier's applications seeking review of unspecified workers' compensation law judge decisions.

Claimant sustained injuries to his back in January 1998 when he fell from a ladder while working as a carpenter on a construction site. He filed a claim for his back injury and, later, another claim for a work-related hearing loss. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined by decision filed March 8, 2004 that the employer was covered for both claims under a policy written by the workers' compensation carrier, Homestead Insurance Company. After hearings on both claims, the WCLJ issued two decisions filed August 6, 2004, finding claimant had sustained compensable, work-related injuries to his back and had binaural hearing loss, an occupational disease; the WCLJ awarded benefits for both claims. The case for hearing loss was closed (no further action by the Workers' Compensation Board was planned); further hearings were held on the issue of apportionment for claimant's back

injury, resulting in several WCLJ decisions, the latest filed March 16, 2005.

On April 21, 2005, the carrier filed two separate applications for Board review and requested a new hearing, without identifying the specific WCLJ decisions for which it sought to obtain Board review. The stated ground for each application was simply, "Prior counsel defaulted at previous hearings," and each sought to provide testimony on the issues of "coverage" and "the alleged accident." In a decision filed October 21, 2005, amended January 11, 2006, the Board denied the applications as untimely and because one of them was never served on claimant's attorney. The carrier appeals, and we affirm.

A party seeking review of a WCLJ decision must file a written application with the Board "within 30 days after notice of filing of the decision of the [WCLJ] together with proof of service upon all other parties in interest" (12 NYCRR 300.13 [a]; see Workers' Compensation Law § 23). The carrier's April 21, 2005 applications for review were untimely, as they were filed more than 30 days after any of the WCLJ decisions in issue on these claims. Indeed, the Board is vested with broad discretion to reject late applications for review (see Matter of Salatti v Crucible Materials Corp., 34 AD3d 1145, 1146 [2006]; Matter of Wilkinson v Bendix Friction Corp., 32 AD3d 636, 637 [2006]). In view of the carrier's failure—in one application—to serve claimant's current counsel or to set forth which decisions it sought to be reviewed or any legitimate reason for its delay in filing these applications, we do not find that the Board abused its discretion in denying the carrier's untimely applications (see Matter of Warren v Gallant Knight Sec., 301 AD2d 854, 855-856 [2003]; see also 12 NYCRR 300.13 [a], [e] [1] [i]).

Notably, the record belies the carrier's conclusory claim that its "counsel defaulted at [unspecified] previous hearings," as the carrier was represented by counsel, among others, at the key WCLJ hearings held on February 12, 2004, May 27, 2004 and July 16, 2004. The carrier's various remaining assertions—that claimant testified falsely and failed to notify the carrier of a third-party claim, and asserting due process deprivations regarding notice of the proceedings before the WCLJ—were not raised before the WCLJ or in the application for Board review, do not appear in the record on appeal, and are unpreserved for our review (see Matter of Huang Sheng Ku v Dana Alexander, Inc., 12 AD3d 988, 989 [2004]; Matter of De Beauharnais-Romanovsky v Sheraton Corp., 269 AD2d 624, 625 [2000], lv denied 95 NY2d 752 [2000]; Matter of Gregg v Randazzo, 216 AD2d 747, 749 [1995]). The remaining contentions have been

examined and determined to be either unpreserved or without merit.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.