■ In the Matter of JAMES A. PRENDERGAST, Appellant, v CITY OF NEW YORK et al., Respondents. [843 NYS2d 256]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 30, 2006, which denied a petition seeking to annul the determination of respondent Human Resources Administration (HRA) that had terminated petitioner's employment for failing to maintain residency within the City of New York, as required by Administrative Code of the City of New York § 12-120, unanimously affirmed, without costs.

The HRA determination was not arbitrary or capricious, nor was it irrational or an abuse of discretion. Petitioner's documentary evidence did not show that he resided in Queens, but merely that he received much of his mail at a post office box in that borough after learning of the investigation into his residency. His explanation for receiving mail at the post office box address was demonstrably false. Petitioner's wife, to whom he remained married despite asserting that they had been separated for some 10 years, owned a home with petitioner (purchased together at the time they allegedly separated), at which he was seen spending the night on most of the occasions when he was under surveillance. He was never seen residing at the Queens home. Petitioner also refused to allow the investigators to come to his Queens home to prove that he had access to that residence, which was occupied by another individual. Under these circumstances, the HRA determination that petitioner did not reside at the Queens residence had a rational basis.

Petitioner asserts denial of due process because he was not afforded a full adversarial hearing. This point was never raised at the administrative level, or, for that matter, in Supreme Court, and is thus unpreserved for review by this Court (*Green v New York City Police Dept.*, 34 AD3d 262 [2006]). Concur—Andrias, J.P., Friedman, Williams and Sweeny, JJ.