In the Matter of PETAR STOJANOV, Appellant, v EASTMAN KODAK COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondents. [898 NYS2d 334]—

Kavanagh, J. Appeals from two decisions of the Workers' Compensation Board, filed July 10, 2008, which ruled that claimant's applications for review were untimely.

Claimant was involved in two work-related accidents in 1981 sustaining injuries to his back and right shoulder. The claims for both injuries were closed in 1982 with a finding being entered of "no medical evidence of causally related disability or permanency." Twenty-six years later in 2008, the cases were reopened and liability was transferred to the Special Fund for Reopened Cases (*see* Workers' Compensation Law § 25-a). By decisions dated May 7, 2008, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that "medical treatment and care as necessary" would otherwise be authorized, but denied the claim for compensation because Workers' Compensation Law § 123[1] ap-

---

1. Workers' Compensation Law § 123 limits the power of the Workers' Compensation Board to modify or change its prior findings, in that, as applicable here, no "award of compensation or death benefits be made against the

plied to this proceeding.[2] On June 6, 2008, claimant's counsel mailed two applications seeking Workers' Compensation Board review of these two decisions. Because the applications were not received by the Board within 30 days, the Board found that they were untimely and denied claimant's requests for Board review. Claimant now appeals.

We affirm. "Workers' Compensation Law § 23 requires a party seeking review of a WCLJ decision to file a written application for review with the Board within 30 days of the filing of the decision" (*Matter of Hyland v Matarese*, 56 AD3d 841, 842-843 [2008] [citations omitted]; *see* 12 NYCRR 300.13 [a], [e] [1] [i]; *Matter of Toner v Michael Hanley Moving & Stor.*, 40 AD3d 1199, 1200 [2007], *lv denied* 9 NY3d 808 [2007]). Here, claimant's application—mailed on the 30th day but not received by the Board until June 10, 2008—was untimely. In view of claimant's failure to acknowledge that the application was late and provide a legitimate reason for its delay, we do not find that the Board abused its broad discretion in denying review (see Matter of Hyland v Matarese, 56 AD3d at 843; *Matter of Toner v Michael Hanley Moving & Stor.*, 40 AD3d at 1200). To the extent that claimant relies on *Matter of McLaughlin v Saga Corp.* (242 AD2d 393, 394 [1997]) for the proposition that an application need only be mailed by the 30th day to be timely, we note that *McLaughlin*, although not expressly stating so, construed a former version of Workers' Compensation Law § 23, which was amended in Septemeber 1996 (*see* L 1996, ch 635, § 75). Likewise, we reject claimant's contention that his application should be considered timely with regard to claim No. 78107628 because an amended decision was issued on May 23, 2008. Inasmuch as the amended decision was substantially the same as the original and claimant appealed soley from the latter, the issuace of the amended decision did not extend claimant's time for filing his application for Board review (*see generally Matter of Church v Arrow Elec., Inc.*, 69 AD3d 983, 984 n 2 [2010]; *Matter of Barker v Buffalo Color Corp.*, 32 AD3d 1138, 1139 [2006]).

Peters, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs. **[Original decision recalled and vacated by unpublished motion 2010 NY Slip Op 74573(U) and a new decision substi-**

---

special fund provided in [Workers' Compensation Law § 25-a] or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation."

**2.** In one of the two claims, the original decision did not specifically refer to Workers' Compensation Law § 123, however, the WCLJ issued an amended decision adding language that "Section 123 applies."

tuted at the direction of the Appellate Division, Third Department.]