◼ In the Matter of the Claim of JUAN BRAN, Respondent, v RALPH WIMBUSH, Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [930 NYS2d 502]—

Spain, J.

Claimant was injured when he fell off a ladder while performing sheetrocking work for the employer. When this matter was previously before us, we modified a determination of the Workers' Compensation Board by reversing that portion that calculated claimant's average weekly wage at $620 (*Matter of Bran v Wimbish*, 73 AD3d 1378 [2010]). Upon remittal, the Board recalculated claimant's average weekly wage at $500. The employer now appeals.

We affirm. On appeal, the employer asserts that claimant is an undocumented worker who is not legally entitled to earn any wages and, therefore, no average weekly wage should be established. Inasmuch as this argument was not raised at the administrative level, it is not properly before us (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Toner v Michael Hanley Moving & Stor.*, 40 AD3d 1199, 1200 [2007], *lv denied* 9 NY3d 808 [2007]; *Green v New York City Police Dept.*, 34 AD3d 262, 263 [2006]). Based upon the record before us, which reflects that claimant worked for the employer three to four days a week at a rate of $130 per day, we conclude that the Board's calculation of claimant's average weekly wage upon remittal was proper (*see* Workers' Compensation Law § 14 [3], [4]; *Matter of Fletcher v Wegmans*, 24 AD3d 1015, 1016 [2005], *lv denied* 6 NY3d 710 [2006]).

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.