■ In the Matter of MIGUEL BERMUDEZ, Appellant, v DORA B. SCHRIRO et al., Respondents. [974 NYS2d 243]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered March 20, 2012, denying the petition to direct respondent New York City Department of Correction (DOC) to appoint petitioner as a correction officer, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner argues that, having prevailed in an administrative appeal of the determination that he was psychologically unqual-

ified for a position as a correction officer based on an arrest that was dismissed and sealed pursuant to CPL 170.55, he is entitled to a new psychological evaluation and reconsideration of his candidacy "with no reference to the nullified arrest." Because petitioner did not assert this specific argument before DOC or the article 78 court—he argued that the improper disqualification entitled him to an appointment as a correction officer—the claim is unpreserved for our review (see Matter of Prendergast v City of New York, 44 AD3d 414 [1st Dept 2007], lv denied 9 NY3d 818 [2008], cert denied 553 US 1066 [2008]; Green v New York City Police Dept., 34 AD3d 262 [1st Dept 2006]).

In any event, petitioner failed to establish either that he has a right to have the circumstances underlying his non-appointment expunged from the record before DOC or that DOC's determination not to appoint him, after restoring him to the eligible list and considering him on three occasions (along with other candidates), was arbitrary and capricious and therefore subject to a judicial direction for reconsideration (see Matter of Andriola v Ortiz, 82 NY2d 320, 325 [1993], cert denied 511 US 1031 [1994]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.