Matter of Bull v Akron Oil Noco (2019 NY Slip Op 01701)





Matter of Bull v Akron Oil Noco


2019 NY Slip Op 01701


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526934

[*1]DENISE BULL, Claimant,
v
AKRON OIL NOCO et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Hamberger & Weiss, Buffalo (David J. Marello of counsel), for appellants.
Kevin J. Rumsey, Special Funds Group, Schenectady, for Special Disability Fund, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed September 6, 2017, which, among other things, discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).
Claimant, a computer operator, was injured while working in 1993. Her claim for workers' compensation benefits was established and, in 1994, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought reimbursement from the Special Disability Fund due to claimant's preexisting physical impairments (see Workers' Compensation Law § 15 [8] [d]). A Workers' Compensation Law Judge (hereinafter WCLJ) directed the employer to produce medical evidence to support the request. The issue was apparently not revisited until February 2017 when, at a hearing on unrelated issues, the Fund requested that it be removed from notice and discharged. The employer stated that it had no objection at that time, prompting the WCLJ to issue an amended decision that, among other things, discharged the Fund without prejudice.
The Fund sought review of the WCLJ's amended decision, arguing that the discharge should have been with prejudice inasmuch as the employer had failed to establish a viable claim for reimbursement and was no longer free to do so (see Workers' Compensation Law § 15 [8] [h] [*2][2] [A]). The employer responded that it developed objections to the discharge of the Fund after the February 2017 hearing, stating that it had uncovered documents showing that the Fund had previously conceded its liability under Workers' Compensation Law § 15 (8) (d). The Workers' Compensation Board declined to consider the additional documentary evidence due to the employer's failure to comply with 12 NYCRR 300.13 (b) (1) (iii). The Board then, in the interest of judicial economy, granted the Fund's request to be removed from notice and discharged with prejudice. The employer appeals, and we affirm.
The Board correctly refused to consider the documents submitted in support of the employer's argument that the Fund had conceded liability, as the employer failed to provide the requisite affidavit "setting forth the evidence . . . and explaining why [it] could not have been presented before the [WCLJ]" (12 NYCRR 300.13 [b] [1] [iii]; [c]; see Matter of Kaplan v New York City Tr. Auth., 162 AD3d 1194, 1195-1196 [2018]). In the absence of that proof, the employer had no basis upon which to argue that the Fund was barred by its prior admissions from requesting discharge. The employer's remaining contentions, including that it lacked sufficient notice of the Fund's request for discharge and that the request should have been denied as premature, are either unpreserved or lack merit (see Matter of Toner v Michael Hanley Moving & Stor., 40 AD3d 1199, 1200 [2007], lv denied 9 NY3d 808 [2007]).
Lynch, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.