Matter of Molina v Icon Parking LLC (2019 NY Slip Op 07467)





Matter of Molina v Icon Parking LLC


2019 NY Slip Op 07467


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527806

[*1]In the Matter of the Claim of Ramon Guerra Molina, Appellant,
v
Icon Parking LLC, Doing Business as Icon Parking, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Law Office of Michael D. Uysal PLLC, New York City (Michael D. Uysal of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park, for Icon Parking LLC and another, respondents.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed February 5, 2018, which, among other things, established claimant's average weekly wage.
Claimant worked six days a week as a parking lot attendant from February 13, 2017 until May 14, 2017, when he sustained injuries as a result of being struck by an elevator door. He filed a claim for workers' compensation benefits, and his claim was ultimately established for work-related injuries to his left shoulder and back. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's average weekly wage as $933.14, which was arrived at by dividing his total earnings ($12,130.76) by the number of weeks worked (13). The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) sought administrative review. Upon that review, the Workers' Compensation Board determined that claimant's average weekly wage should have been calculated pursuant to Workers' Compensation Law § 14 (3), using a 200 multiplier, and that, so calculated, claimant's average weekly wage was $598.15.[FN1] Claimant appeals.
Under the Workers' Compensation Law, an employee's average weekly wage is calculated by dividing his or her average annual earnings by 52 (see Workers' Compensation Law § 14 [4]). Workers' Compensation Law § 14 (1) sets forth the manner of calculating the average annual earnings of an employee who "worked in the employment in which he [or she] was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding" the injury, while Workers' Compensation Law § 14 (2) sets forth the calculation method for employees who did not work "in such employment during substantially the whole of such year." Where the methods in Workers' Compensation Law § 14 (1) and (2) "cannot reasonably and fairly be applied," Workers' Compensation Law § 14 (3) provides an alternate method of calculating the employee's average annual earnings.
We agree with the Board that Workers' Compensation Law § 14 (1) is plainly inapplicable, given the short duration during which claimant worked as a parking lot attendant before sustaining his injuries (78 days). However, the Board gave no explanation as to why Workers' Compensation Law § 14 (2) could not "reasonably and fairly be applied," so as to warrant resort to Workers' Compensation Law § 14 (3) (see Employer: NYSARC Inc Schoharie County Ch, 2016 WL 6300528, *2, 2016 NY Wrk Comp LEXIS 10624, *4 [WCB No. G136 3600, Oct. 19, 2016]). Under Workers' Compensation Law § 14 (2), the average annual earnings of a six-day worker is 300 "times the average daily wage or salary . . . which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed." The carrier did not submit payroll records for similar employees or otherwise assert that such records were unavailable (see generally Workers' Compensation Law § 112; Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 112 at 335). In the absence of such information, we cannot determine whether the Board properly rejected the method set forth in Workers' Compensation Law § 14 (2) before resorting to Workers' Compensation Law § 14 (3) to calculate claimant's average weekly wage. Accordingly, we reverse the Board's decision and remit the matter for further proceedings, including the submission of payroll records of similar employees, if available, and a determination as to whether Workers' Compensation Law § 14 (2) may reasonably and fairly be applied in the first instance (see e.g. Employer: Highgate Hotels LLP, 2019 WL 1076651, *2-3, 2019 NY Wrk Comp LEXIS 2201, *6-8 [WCB No. G217 3448, Feb. 27, 2019]; Employer: NYSARC Inc Schoharie County Ch, 2016 WL 6300528 at *2, 2016 NY Wrk Comp LEXIS at *4; compare Matter of Barnard v John Mezzalingua Assoc., Inc., 36 AD3d 1055, 1055-1056 [2007]). If, upon remittal, the Board determines that Workers' Compensation Law § 14 (2) cannot reasonably and fairly be applied, then the Board may apply Workers' Compensation Law § 14 (3).
Garry, P.J., Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Claimant's annual earnings of $12,130.76 was divided by 78 (the number of days he worked), thereby arriving at an average daily wage of $155.52, which was then multiplied by 200 pursuant to Workers' Compensation Law § 14 (3), for a total of $31,104 in average annual earnings. The average annual earnings were then divided by 52 (number of weeks in a year), for an average weekly wage of $598.15 (see Workers' Compensation Law § 14 [4]).