■ In the Matter of SOUTH SHORE YACHT CLUB, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the respondent State Liquor Authority dated December 22, 1969, canceling petitioner's club liquor license. Determination confirmed and proceeding dismissed on the merits, with $20 costs and disbursements. In our opinion, the record establishes that petitioner permitted its license to be availed of by two corporate caterers for purposes of serving nonmembers during relatively lengthy periods of time. Although the activities of the caterers were clearly in violation of petitioner's trust and confidence, this alone cannot excuse petitioner from its responsibility as a licensee. The activities of the caterers were not carried on in a clandestine manner but were open and notorious and petitioner, through its officers, agents or employees, is chargeable both with the knowledge that these activities were being carried on and that they were in violation of the terms of the license. Petitioner apparently abdicated its responsibility and permitted its contractors to employ the license as they saw fit. Although the other five charges against petitioner might not be cause for cancellation in light of all the circumstances herein, we cannot say, even in view of petitioner's prior unblemished record for law observance, that the charge of violation of section 111 of the Alcoholic Beverage

Control Law in the manner established by the uncontested facts herein did not warrant the measure and mode of discipline imposed (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361). Christ, P. J., Hopkins, Munder, Latham and Benjamin, JJ., concur.