■ In the Matter of PETER KOURAKOS, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a notice of deficiency for unincorporated business taxes pursuant to article 23 of the Tax Law. Petitioner and his wife filed New York combined income tax returns covering the years 1972 and 1973 upon which petitioner reported receiving "other income" of $30,000 and $37,000, respectively. When petitioner failed to respond to a request for information concerning the source of this income, the Department of Taxation and Finance issued a notice of deficiency informing petitioner it deemed the "other income" to be business income and subject to an unincorporated business tax of $2,585 plus interest and penalties. Upon petitioner's request for a redetermination, a hearing was held at which petitioner neither appeared nor offered any evidence. However, on petitioner's behalf his attorney invoked petitioner's privilege against self incrimination; it is urged that petitioner has a constitutional right to remain silent as to the origin of the income. The commission sustained the notice of deficiency and this proceeding ensued. Although petitioner maintains that the rationale of *Garner v United States* (424 US 648), in reaffirming *United States v Sullivan* (274 US 259), justifies his refusal to divulge the derivation of his "other income", we find it unnecessary to even confront this proposition. A taxpayer's reliance on the Fifth Amendment to block disclosure is ineffectual unless he has made "a colorable showing that he is involved in some activity for which he could be criminally prosecuted" (*United States v Verkuilen,* 690 F2d 648, 654; see *United States v Karsky,* 610 F2d 548, 550, n 5, cert den 444 US 1092). If neither the question nor the setting in which it is asked suggests a real and appreciable danger of self incrimination, the taxpayer is obliged to come forward with some indicia of potential incrimination (*United States v Neff,* 615 F2d 1235, 1240, cert den 447 US 925). Nothing in this record, apart from his counsel's assertion to that effect, indicates that revelation of the source of petitioner's other income will bring to light his involvement in any criminal activity. That unsupported assertion is an insufficient predicate for the invocation of the privilege (*United States v Verkuilen, supra;* see *Edwards v Commissioner of Internal Revenue,* 680 F2d 1268, 1270). We note also that the hazard of self incrimination through the use of tax returns has been considerably reduced with the enactment of subdivision (e) of section 697 of the Tax Law, which precludes their use in most nontax criminal proceedings (see *Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force,* 44 NY2d 575, 581), making it unavoidable that the taxpayer show something other than a vague and unexplained fear of incrimination. The argument that the assessment of an unincorporated business tax was without foundation is meritless. Given the other information on petitioner's return, attribution of miscellaneous other income to an unincorporated business was obviously reasonable. Furthermore, the failure of petitioner to produce any evidence demonstrating that the assessment was erroneous leaves

standing the presumption of correctness which attached to the notice of deficiency (Tax Law, § 689, subd [e]; *Matter of Tavolacci v State Tax Comm.*, 77 AD2d 759). Determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.