■ In the Matter of HAPPY LANDING LOUNGE, INC., Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent. [631 NYS2d 466] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which canceled petitioner's liquor license.

Petitioner is a corporate holder of an on-premises liquor license for a small bar located at 98 Washington Street in the City of Poughkeepsie, Dutchess County. Cleveland Gardener is the sole owner of petitioner and the premises, and is the only principal of petitioner on record with and approved by respondent. From January 1992 through March 1992, Gardener left his bar business with Charles Carpenter to operate while he left the country to care for his ailing mother in Jamaica. From December 1992 through September 1993, Gardener left the bar under the care of Vernal Hamilton while he again went to care for his mother. On both occasions, Gardener left the bar in a turn-key state and the individuals, who had not previously run or worked in the bar, were left in total control to operate the business on a cash basis without any accounting to Gardener. Gardener provided no direction, supervision or oversight of the business during his sojourns, leaving the affairs and finances of the bar in the unfettered discretion of Carpenter and Hamilton, respectively.

These uncontroverted circumstances provided an ample basis to support respondent's determination that petitioner permitted Carpenter and Hamilton to avail themselves of its liquor license in contradiction of Alcoholic Beverage Control Law § 111 (*see, Matter of Dumbarton Oaks Rest. & Bar v New York*

*State Liq. Auth.*, 58 NY2d 89; *see also, Matter of Stork Rest. v Boland*, 282 NY 256, 274). Despite petitioner's contention that both Carpenter and Hamilton were merely unpaid voluntary managers who did not profit from the operation of the bar and who ran the bar only as a personal favor for Gardener, these circumstances do not alter the fact that individuals unapproved by respondent operated the bar for extended periods of time without Gardener's participation (*see, Matter of South Shore Yacht Club v State Liq. Auth.*, 34 AD2d 794). Based on our review of the record, we find that there was substantial evidence to support respondent's determination (*see, Matter of Macagna/Orecchio Props. v New York State Liq. Auth.*, 216 AD2d 468).

In light of all the circumstances and in view of the State's public policy concerning the sale of alcoholic beverages, the sanction imposed, the cancellation of petitioner's liquor license and the imposition of a $1,000 bond forfeiture, was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222). Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.