■ In the Matter of DAVID GILMARTIN, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents. [818 NYS2d 682]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, inter alia, sustained an assessment of personal income tax imposed under Tax Law article 22.

Petitioner, while admitting that he worked and was compensated, did not file New York State income tax returns for 1995 or 1996. His basic premise is that the Internal Revenue Code does not define "income," making it impossible for him to determine "which [federal] tax [he] might be liable for," hence, there is "nothing in the law that requires [him] to file a federal 'income' tax return, or a New York return."

Using federal income tax examination change statements for 1995 and 1996, provided to them by the Internal Revenue Service, the Audit Division of the Department of Taxation and Finance (hereinafter Division) issued two notices of deficiency to petitioner, which, after calculations that included penalty and interest charges, informed petitioner that he owed $16,325.66 for 1995 and $18,335.05 for 1996. The validity of both deficiency notices was sustained at a 2002 conciliation conference, and again at an administrative hearing before the Division of Tax Appeals. In addition to granting summary determination to the Division, the Administrative Law Judge (hereinafter ALJ) imposed a frivolous position penalty upon petitioner, which prompted him to file a notice of exception with respondent Tax Appeals Tribunal. The Tribunal upheld the decisions of the ALJ and petitioner commenced the instant proceeding to challenge that determination.

In this proceeding, petitioner continues to advance arguments similar to those he made before the Tribunal. First, he complains that he was denied a fair hearing because the determinations of the ALJ were based upon two unauthenticated documents (the federal change statements). In a related argument, petitioner asserts that since these documents could not be admitted without the testimony of a witness, he was denied the right to confront witnesses in violation of the Sixth Amendment. These arguments are without merit as they ignore the pertinent language of State Administrative Procedure Act § 306 (1), which provides that "[u]nless otherwise provided by any statute, agencies need not observe the rules of evidence observed by courts," and 20 NYCRR 3000.15 (d) (1), which in part provides that in administrative hearings, "[t]echnical rules of evidence will be disregarded to the extent permitted by the deci-

sions of the courts of this State, provided the evidence offered appears to be relevant and material to the issues." As the Internal Revenue Service documents are clearly both relevant and material to establish petitioner's deficiencies, they were properly considered by the ALJ (*see e.g. Matter of Flanagan v New York State Tax Commn.*, 154 AD2d 758 [1989]). Also, in "a civil proceeding instituted by [a] petitioner seeking redetermination of a deficiency . . . protections applicable to criminal sanctions, such as the right of confrontation, do not apply" (*Rowlee v Commissioner of Internal Revenue*, 80 USTC 1111, 1116 [1983]).

Next, petitioner continues to argue that the individuals acting on behalf of the state, from the tax technician who calculated the deficiency to the ALJ who conducted the hearing, were without authority to act because they have not filed an oath of office as required by the Public Officers Law. Assuming, arguendo, that the Public Officers Law applies to some or all of these state employees, petitioner's argument still fails because acts performed by a public officer who has not taken and filed an official oath are as valid and effective as if the oath had been taken and filed (*see* Public Officers Law § 15; *Matter of Giacone v Jackson*, 267 AD2d 673 [1999], *lv denied* 94 NY2d 762 [2000]).

Lastly, we find no merit in petitioner's argument that the Division failed to produce sufficient evidence of his income. In this respect, we first note that although petitioner claims to have certain business expenses and contributions which would reduce his taxable income, he has produced no evidence in support of these assertions. More fundamentally, it is petitioner's burden where, as here, he asserts that the calculations in a deficiency notice are invalid, to prove by clear and convincing evidence that the methods used to arrive at the assessment were erroneous (*see Matter of Leogrande v Tax Appeals Trib.*, 187 AD2d 768, 769 [1992], *lv denied* 81 NY2d 704 [1993]). Moreover, "the failure of petitioner to produce any evidence demonstrating that the assessment was erroneous leaves standing the presumption of correctness which attached to the notice of deficiency" (*Matter of Kourakos v Tully*, 92 AD2d 1051, 1051-1052 [1983], *appeal dismissed* 59 NY2d 967 [1983], *lvs denied* 60 NY2d 556, 699 [1983], *cert denied* 464 US 1070 [1984]). As a final matter, "there is no question but that Congress has the constitutional authority to impose an income tax" and the "argument that the term 'income', as used in the [Internal Revenue] Code, is unconstitutionally vague and indefinite, is totally without merit" (*Ficalora v Commissioner of Internal Revenue*, 751 F2d 85, 87, 88 [1984], *cert denied* 471 US 1005 [1985]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.