■ In the Matter of CARTHAGE PALACE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [867 NYS2d 396]—

Determination of respondent New York State Liquor Authority, dated November 28, 2007, which revoked petitioner's liquor license and directed forfeiture of its $1,000 bond, unanimously confirmed, the petition denied and this proceeding (transferred to this Court by order of Supreme Court, New York County [Marcy S. Friedman, J.], entered on or about January 4, 2008) dismissed, without costs.

Respondent's conclusion that petitioner permitted an unauthorized person or persons to avail themselves of its liquor license is supported by substantial evidence (see Matter of Happy Landing Lounge v State of N.Y. Liq. Auth., 219 AD2d 786 [1995]). The testimony and evidence demonstrate that petitioner's owner and sole principal entered into a written agreement ceding control and promising profit to a third party. Petitioner's principal remained absent from the premises following the takeover and adduced no evidence showing his continued involvement in the business, nor, at the very least, any indication that he continued to monitor the business.

Respondent's conclusions that petitioner's principal failed to appear for an interview as directed, and purchased alcohol from an unlicensed source, are based on credibility determinations by the Administrative Law Judge (see Matter of Floral Park Liqs. v New York State Liq. Auth., 211 AD2d 499 [1995], lv denied 85 NY2d 806 [1995]), and we perceive no basis for disturbing them. In light of the nature of the offense, the penalty imposed is not shocking to our sense of fairness (see Happy Landing Lounge, 219 AD2d at 787 [1995]). Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ.