■ MARIE LATONI, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [945 NYS2d 231]—

Determination of respondent New York City Housing Authority (NYCHA), dated June 9, 2010, which terminated petitioner's tenancy on grounds of nondesirability, violation of permanent exclusion, breach of rules and regulations, and chronic rent delinquency, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Judith J. Gische, J.], entered February 2, 2011), dismissed, without costs.

NYCHA's determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Indeed, the findings of nondesirability and breach of NYCHA's rules and regulations are supported by substantial evidence showing that the police recovered marijuana during an execution of a search warrant in February 2008, and methadone during an execution of a warrant in June 2008 (*Matter of Diaz v Hernandez*, 66 AD3d 525, 525-526 [2009]). Further, the finding that petitioner violated a permanent exclusion is supported by substantial evidence showing that the father of petitioner's youngest child was the target of the search warrants and was in petitioner's apartment during both searches, although he was permanently excluded from the apartment under a 2006 stipulation (*see Matter of Romero v Martinez*, 280 AD2d 58 [2001], *lv denied* 96 NY2d 721 [2001]). No basis exists to disturb the hearing officer's findings of credibility (*Matter of Porter v New York City Hous. Auth.*, 42 AD3d 314 [2007]).

The penalty imposed does not shock our sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550, 555 [2000]).

We have considered petitioner's remaining contentions,

including those involving her rent delinquency, and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.