Substantial evidence supports the conclusion that petitioner continued to be a member of a drug conspiracy until her arrest in mid-May 2009, which was during her first two weeks as a public housing tenant (see generally 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Al *421 though the federal indictment to which she pleaded guilty defined the drug conspiracy as ending sometime in April 2009, the record supported a reasonable inference that petitioner did not withdraw from the conspiracy prior to her arrest.
Petitioner’s claim that NYCHA failed to adhere to its pretermination procedures is unpreserved because it was not raised before the agency (see Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834 [1989]), and, in any event, is not supported by the record.
The termination of petitioner’s tenancy does not shock our sense of fairness (see e.g. Latoni v New York City Hous. Auth., 95 AD3d 611 [1st Dept 2012]). Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.