■ In the Matter of JUDY GILBERT, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [983 NYS2d 722]—

Determination of respondent, dated November 23, 2011, which terminated petitioner's public housing tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Peter H. Moulton, J.], entered January 9, 2013), dismissed, without costs.

Respondent's determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The record shows that petitioner violated three stipulations barring her grandchildren's father from her apartment because of his illegal drug activities, and that after several incidents, he was arrested in the apartment, which was also found to contain marijuana and crack cocaine (*see Latoni v New York City Hous. Auth.*, 95 AD3d 611 [1st Dept 2012]; *Matter of Gibbs v New York City Hous. Auth.*, 82 AD3d 412 [1st Dept 2011]). There exists no basis to disturb the credibility determinations of the hearing officer (*see Latoni* at 611). Furthermore, the record shows that at the time of the hearing, petitioner owed back rent.

The penalty imposed does not shock our sense of fairness. Although the penalty may have significant adverse consequences for petitioner, the other residents of the housing development should not be placed at risk because petitioner was unwilling to exclude an individual who used her apartment for criminal activity over an extended period of time (*see Matter of Cruz v*

*New York City Hous. Auth.*, 106 AD3d 631 [1st Dept 2013]). It is further noted that petitioner's record as a tenant was not unblemished in light of her chronic rent delinquency. Concur—Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ.