■ In the Matter of RAYMOND RIVERA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [4 NYS3d 484]—

Determination of respondent (NYCHA), dated March 28, 2013, which, after a hearing, terminated petitioner's public housing tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alexander W. Hunter, Jr., J.], entered Feb. 27, 2014), dismissed, without costs.

Petitioner concedes that there is substantial evidence to support the conclusion that he breached NYCHA rules and regulations by engaging in drug activity (*see Matter of Nelke v Department of Motor Vehs. of the State of N.Y.*, 79 AD3d 433 [1st Dept

2010]). He contends that there is not substantial evidence to support the hearing officer's finding that although he has demonstrated that "he is making a good faith effort to rehabilitate himself, an insufficient amount of time has elapsed to draw any definitive and reasonable conclusions as to his rehabilitation." However, it is appropriate to consider the passage of time since the misconduct in evaluating rehabilitation (*see Matter of Wiesner*, 94 AD3d 167, 173 [1st Dept 2012]). At the time of the hearing, petitioner was still on probation, had completed only one of the two programs he was required to complete, and was still subject to drug testing.

The penalty of termination of tenancy is not shocking to our sense of fairness (*see e.g. Latoni v New York City Hous. Auth.*, 95 AD3d 611 [1st Dept 2012]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Clark, JJ.