*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    520035
_____

In the Matter of MJS SPORTS
    BAR & GRILL, INC.,
                        Petitioner,

        v

NEW YORK STATE LIQUOR AUTHORITY                MEMORANDUM AND JUDGMENT
    DIVISION OF ALCOHOLIC
    BEVERAGE CONTROL
    et al.,
                        Respondents.
_____


Calendar Date:  April 22, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

                    _____


        James Kleinbaum, Chatham, for petitioner.

        Mark D. Frering, New York State Liquor Authority, Albany,
for respondents.

                    _____


Garry, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent State Liquor Authority which
imposed a civil penalty upon petitioner.

        Petitioner holds a license authorizing the sale of liquor,
wine and beer on its premises in the Town of Chatham, Columbia
County.  Based upon a series of incidents between January 2010
and October 2011, the Division of Alcoholic Beverage Control
instituted a proceeding to cancel or revoke petitioner's license
for violations of Alcoholic Beverage Control Law § 118 (1) and

(3) and rule 36.1 (q) of the Rules of the State Liquor Authority (see 9 NYCRR 53.1 [q]).  Following a hearing, an Administrative Law Judge found that substantial evidence existed to sustain both charges.  Respondent State Liquor Authority adopted this determination and imposed a civil penalty of $5,500.  Petitioner commenced this CPLR article 78 proceeding, which was transferred to this Court (see CPLR 7804 [g]).

A liquor license may be revoked or cancelled or a civil penalty may be imposed where "the existence of a sustained and continuing pattern of noise, disturbance, misconduct or disorder on or about the licensed premises . . . adversely affects the health, welfare or safety of the inhabitants of the area in which such licensed premises are located" (Alcoholic Beverage Control Law § 118 [3]; see Alcoholic Beverage Control Law § 118 [1]).  Rule 36.1 (q) provides, in pertinent part, that cause to revoke, suspend or cancel a liquor license exists "[w]hen any noise, disturbance, misconduct, disorder, act or activity occur[ing] [on or about the licensed premises] . . . results in the licensed premises becoming a focal point for police attention" (9 NYCRR 53.1 [q]).  Here, the Division submitted incident reports and police testimony describing 18 occasions when officers responded to complaints of noise, disorderly conduct and other issues at petitioner's establishment.  As petitioner argues, many of the noise complaints came from a single individual who resided across the street from petitioner's establishment, next door to a restaurant operated by that individual's family.  Although petitioner asserts that this individual was motivated to complain by the restaurant's competing interest, the record neither reveals whether the businesses were, in fact, competitors, nor that the complaints were fabricated.  Instead, in most instances, the responding officers determined that the individual's complaints were justified and asked petitioner to lower the volume; on one occasion, the officers were able to hear the noise inside the complainant's apartment.

The record supports petitioner's contentions that some of the calls involving disorderly conduct were initiated by petitioner's representatives seeking police assistance in maintaining order, that petitioner's representatives consistently cooperated with the police, and that petitioner was not shown to

have tolerated or allowed any disorderly conduct. However, no showing that petitioner knowingly permitted misconduct to occur was required to establish the charged violations. No such requirement appears in the language of either provision (see Alcoholic Beverage Control Law § 118 [3]; 9 NYCRR 53.1 [q]; compare Alcoholic Beverage Control Law § 106 [6]; Matter of Playboy Club of N.Y. v State Liq. Auth. of State of N.Y., 23 NY2d 544, 550 [1969]). Critically, and contrary to petitioner's argument, application of the governing rules no longer requires a showing that the licensee "suffer[ed] or permit[ted]" disorderly conduct (Matter of Beer Garden v New York State Liq. Auth., 79 NY2d 266, 276 [1992] [internal quotation marks and citations omitted]). Instead, in a direct response to the Beer Garden holding, the Legislature added Alcoholic Beverage Control Law § 118 (3) to the statute in 1996, with the specific purpose of providing statutory authority to sanction licensees for violations of rule 36.1 (q) without a finding that they knowingly suffered or permitted misconduct (see Mem in Support of Legislation, Bill Jacket, L 1996, ch 536 at 8-9).

Next, petitioner contends that the Authority did not show that its establishment had a negative effect on the health, welfare or safety of local inhabitants or that it "bec[ame] a focal point of police attention" (9 NYCRR 53.1 [q]; see Alcoholic Beverage Control Law § 118 [3]). Notably, all of the testifying police officers — including the police chief — stated that petitioner's establishment did not warrant more police attention than other local enterprises and had no adverse affect on health, welfare or safety. Nonetheless, rule 36.1 (q) provides that the determination whether disorder at a licensed establishment has negatively affected the community or made the establishment a focal point for police attention is a question to be resolved "in the judgment of the [A]uthority" (9 NYCRR 53.1 [q]), and we find no reason to read a different requirement into Alcoholic Beverage Control Law § 118 (3). The testifying officers were not present for all of the incidents that led to the charges against petitioner. The incident reports themselves reveal that, during the pertinent time period of almost two years, the incidents at petitioner's establishment resulted in a sustained and continuous need for police intervention, and prompted citizen complaints that ultimately resulted in a police referral to the Authority.

Although unsupported by the police testimony, we decline to find that the remaining record evidence did not amount to substantial evidence sufficient to support the Authority's conclusion that petitioner's establishment became a focal point of police attention, and that the health, welfare and safety of the community were adversely affected (see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 652 [2013], lv denied 21 NY3d 858 [2013]; Matter of MGN, LLC v New York State Liq. Auth., 81 AD3d 492, 493 [2011]; Matter of 7th Ave. & Grove St. Corp. v New York State Liq. Auth., 215 AD2d 107, 108 [1995]).

Finally, petitioner contends that the fine imposed by the Authority was excessive in light of all the circumstances, including petitioner's cooperation with police and the fact that it was not shown to have knowingly tolerated any misconduct. A fine was the least severe penalty that could have been imposed; the other available penalties included the revocation, cancellation or suspension of petitioner's license (see Alcoholic Beverage Control Law § 118 [1]; 9 NYCRR 54.6 [a]). In that light, we cannot find that the mitigating factors that petitioner points to are not reflected in the penalty. Upon review, we do not find the penalty imposed to be "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d 1260, 1262 [2009] [internal quotation marks and citations omitted]; compare Matter of Le Cave LLC v New York State Liq. Auth., 107 AD3d 447, 448 [2013]; Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d at 652; Matter of La Trieste Rest. & Cabaret v New York State Liq. Auth., 249 AD2d 156, 156 [1998], lv denied 92 NY2d 809 [1998]).

Lahtinen, J.P., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:


Robert D. Mayberger
Clerk of the Court