■ In the Matter of OTR MEDIA GROUP et al., Appellants, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents. [35 NYS3d 76]—

Judgment (denominated a decision and order), Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 23, 2015, denying the petition seeking to annul a resolution of respondent Board of Standards and Appeals of the City of New York (BSA), dated January 28, 2014, which affirmed respondent the New York City Department of Buildings' (DOB) determination denying petitioners' application to register a sign as a nonconforming advertising sign, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Substantial evidence supports BSA's determination that the continuation of the nonconforming use of the sign as an advertising sign is prohibited because such nonconforming use was discontinued for more than two years, when it was replaced by an accessory sign beginning in 1981 (*see* NY City Zoning Resolution § 52-61; *Matter of Toys "R" Us v Silva*, 89 NY2d 411 [1996]). Petitioners' contention that Supreme Court erred in applying the substantial evidence standard is unavailing (*see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals*, 95 NY2d 437, 440 [2000]; *Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]). Nor is there any basis for disturbing BSA's determination to discredit affidavits submitted by petitioners, sworn in 2011 and 2013, which contradicted documents submitted in support of the accessory sign application that was granted by DOB in 1981.

Since the record shows that BSA's determination was supported by substantial evidence and had a rational basis, petitioners were not entitled to a hearing pursuant to CPLR 7804 (h) (*see Matter of St. Onge v Donovan*, 71 NY2d 507, 519 [1988]; *cf. Matter of Church of Scientology of N.Y. v Tax Commn. of City of N.Y.*, 120 AD2d 376 [1st Dept 1986] [matter remanded for a full evidentiary hearing because the record was not sufficient to determine whether the respondent had acted arbitrarily and capriciously], *appeal dismissed* 68 NY2d 807 [1986], *lv dismissed* 69 NY2d 659 [1986]).

Petitioners' due process claim is unpreserved, and this Court

has "no discretionary authority" to reach it in the interest of justice (*Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *see Green v New York City Police Dept.*, 34 AD3d 262, 263 [1st Dept 2006]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.