Matter of SCE Group Inc. v New York State Liq. Auth. (2018 NY Slip Op 01661)





Matter of SCE Group Inc. v New York State Liq. Auth.


2018 NY Slip Op 01661


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6015 100620/17

[*1]In re SCE Group Inc., Petitioner,
v
New York State Liquor Authority, Respondent.


Mehler & Buscemi, New York (Martin P. Mehler of counsel), for petitioner.
Christopher R. Riano, New York, for respondent.



Determination of respondent, dated May 10, 2017, sustaining charges of violations of Alcoholic Beverage Control Law § 111, 9 NYCRR 48.2, and 9 NYCRR 53.1, revoking petitioner's liquor license, and directing forfeiture of its $1,000 bond, unanimously confirmed, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court,[Arlene P. Bluth, J.], entered on or about May 23, 2017) dismissed.
The findings of the administrative law judges (ALJs) following the hearings in the two separate administrative proceedings against petitioner were supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The charge that Konstantine Drakopoulus, who had been convicted of a federal felony, impermissibly availed himself of petitioner's liquor license without respondent's authorization, in violation of Alcoholic Beverage Control Law § 111, was established by, among other things, banking and tax documents designating him as petitioner's President, Vice President, Secretary, Chairman, or Chief Executive Officer, and the testimony that he essentially ran the business and acted as "boss" (see Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth., 58 NY2d 89, 93 [1983]). The charges that petitioner's premises became a focal point of police attention, and that petitioner failed to exercise adequate supervision over the premises, in violation of 9 NYCRR 48.2 and 9 NYCRR 53.1, respectively, were established by, among other things, testimony by seven members of the New York City Police Department who had patrolled the area, police reports, and video surveillance footage (see Matter of Home Run KTV Inc. v New York State Liq. Auth., 142 AD3d 451 [1st Dept 2016]; MJS Sports Bar & Grill, Inc. v New York State Liq. Auth., 129 AD3d 1368 [3d Dept 2015]). There is no basis to disturb the ALJs' credibility determinations or weighing of the evidence (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
Petitioner preserved its contention that the ALJ improperly admitted certain documentary evidence in support of the availing charge, on the grounds that an adequate foundation was not laid and the evidence was not authenticated. However, we reject these arguments on the merits. In general, an administrative agency "need not observe the rules of evidence observed by courts" (State Administrative Procedure Act § 306[1]), and the documents at issue here, including banking and tax forms, appear sufficiently reliable to have been properly considered by the ALJ (see Matter of Gilmartin v Tax Appeals Trib., 31 AD3d 1008, 1009-1010 [3d Dept 2006]; see also 9 NYCRR 52.8[a]). Petitioner's remaining evidentiary arguments are unpreserved, and this Court has "no discretionary authority" to "reach[] an unpreserved issue in the interest of justice'" in an article 78 proceeding challenging an administrative determination (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]). This includes petitioner's due process arguments (see Green v New York City Police Dept., 34 AD3d 262 [1st Dept 2006]).
Petitioner's claims that 9 NYCRR 48.2 and 53.1(q) are ultra vires as applied are without merit (see MJS Sports Bar & Grill, 129 AD3d at 1370; see also 47 Ave. B.E. Inc. v New York [*2]State Liq. Auth., 13 NY3d 820 [2009], revg 65 AD3d 33 [1st Dept 2009]). Petitioner's claims that those regulations are unconstitutionally vague are conclusory.
The penalty was not shockingly disproportionate to the offenses, in light of the seriousness of the offenses and petitioner's prior history of violations (see e.g. Matter of Le Cave LLC v New York State Liq. Auth., 107 AD3d 447 [1st Dept 2013]; Matter of MGN, LLC, v New York State Liq. Auth., 81 AD3d 492 [1st Dept 2011]; Matter of Carthage Palace, Inc. v New York State Liq. Auth., 55 AD3d 504 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK