Matter of Alla Capital Dev. Corp. v New York State Liq. Auth. (2018 NY Slip Op 02704)





Matter of Alla Capital Dev. Corp. v New York State Liq. Auth.


2018 NY Slip Op 02704


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525443

[*1]In the Matter of ALLA CAPITAL DEVELOPMENT CORPORATION, Petitioner,
v
NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Jackson Lewis, PC, Albany (Benjamin F. Neidl of counsel), for petitioner.
Christopher R. Riano, State Liquor Authority, Albany (Mark D. Frering of counsel), for respondents.


Garry, P.J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Liquor Authority, among other things, canceling petitioner's liquor license.
In 2008, Alla Komissarova, a Russian citizen, engaged the legal services of attorney Yuri Gaspar to assist her in obtaining an EB-5 "investor visa" to relocate closer to her children in New York. As part of the visa process, Komissarova created petitioner to operate Pan Dolce, a restaurant located in Essex County. Thereafter, Gaspar was appointed as petitioner's corporate counsel. In 2011, petitioner successfully applied to
respondent State Liquor Authority (hereinafter the Authority) for a beer and wine license and, in 2012, successfully applied again to upgrade to a full liquor license. Following an unrelated investigation of petitioner's restaurant in 2014, the Authority charged petitioner with violating Alcoholic Beverage Control Law §§ 111 and 110 by permitting Gaspar to avail himself of its license and failing to notify the Authority accordingly. Petitioner pleaded not guilty to both charges. Prior to the conclusion of the ensuing hearing before an Administrative Law Judge (hereinafter the ALJ), the Authority amended its petition to include, as pertinent here, two additional violations under Alcoholic Beverage Control Law §§ 111 and 110. Specifically, the Authority alleged that petitioner had also permitted SLB Capital Development Corporation (hereinafter SLB) to avail itself of petitioner's liquor license and had similarly failed to inform [*2]the Authority of this change. Following the conclusion of the hearing, the ALJ found that substantial evidence existed to sustain the charges related to Gaspar and SLB. The Authority adopted the ALJ's recommendations in whole over petitioner's objections, canceled petitioner's license, and retained as a penalty petitioner's bond paid as part of its liquor license application. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination.
Petitioner's sole contention on appeal is that the determination resulting in the cancellation of its liquor license is not supported by substantial evidence in the record. Initially, a liquor license issued by the Authority "shall not be transferable to any other person . . . [and] shall be available only to the person therein specified" (Alcoholic Beverage Control Law § 111). In this regard, contrary to petitioner's assertions, a licensee may not make its liquor license available to another by leaving the licensed premises under the control of an individual or entity without "direction, supervision or oversight," even where that party receives no financial benefit (Matter of Happy Landing Lounge v State of N.Y. Liq. Auth., 219 AD2d 786, 786-787 [1995]; see Alcoholic Beverage Control Law § 111). As pertinent here, the transfer or assignment of a liquor license or the failure to report any changes to facts that were required to be set forth on the license application may result in the cancellation of the license (see Alcoholic Beverage Control Law §§ 110 [4]; 111, 118 [1] [b]). In conducting a substantial evidence review, this Court must consider the record as a whole and, deferring to the underlying credibility assessments, determine whether "a reasonable mind may accept [the evidence] as adequate to support [the] conclusion or ultimate fact" (Matter of Albany Manor Inc. v New York State Liq. Auth., 57 AD3d 142, 144-145 [2008] [internal quotation marks and citation omitted]; see Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth., 58 NY2d 89, 93 [1983]; Matter of MJS Sports Bar & Grill, Inc. v New York State Liq. Auth. Div. of Alcoholic Beverage Control, 129 AD3d 1368, 1370 [2015]; Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 280-281 [2007]).
Here, petitioner's liquor license application provided that Komissarova would run Pan Dolce through a manager. Although Komissarova's testimony that she participated in the initial set up of Pan Dolce was uncontroverted, the record reflects that her oversight thereafter was essentially nonexistent, despite her assertion that she continued to receive business reports. Significantly, Komissarova, as petitioner's sole shareholder and president, executed a resolution in 2009 authorizing Gaspar "to approve or disapprove day-to-day business decisions made by the general manager [and] negotiate and enter into business contracts under the corporate seal." In fact, Komissarova never became a signatory on petitioner's bank accounts, whereas Gaspar had always been a signatory and had even added Pan Dolce's manager, Keith Mandernach, to the accounts. Moreover, Gaspar listed himself as petitioner's corporate officer on two biannual corporate statements. Although he testified that these statements were errors and he only acted as petitioner's corporate counsel, the ALJ credited the testimony of the Authority's investigator that Gaspar had also represented to her that he was petitioner's secretary and was in control of Pan Dolce's operations. Mandernach further testified that his communications with Komissarova were rare and occurred solely through Gaspar, Gaspar's secretary, or Komissarova's secretary, and that he was not "100 percent" sure whether any responses actually came from Komissarova.
As to SLB's involvement, Komissarova testified that she had requested that her mother-in-law, SLB's owner, temporarily assign Mandernach, an SLB employee, to manage Pan Dolce while she searched for a replacement. In this regard, Mandernach further explained that he was employed and paid solely by SLB during the entire time that he managed Pan Dolce from June 2013 through November 2014. Significantly, although Mandernach testified that he would occasionally consult Gaspar as to legal matters or Komissarova as to menu changes, he emphasized that SLB's general manager was his "boss" and his "go-to-guy." Notwithstanding [*3]Komissarova's contention that she did not permit either Gaspar or SLB to avail themselves of petitioner's liquor license, she failed to offer any evidence that she had, in fact, maintained any control over Pan Dolce's operations or that she had informed the Authority of these changes. Under these circumstances, substantial evidence in the record supports the determination canceling petitioner's liquor license (see Alcoholic Beverage Control Law §§ 110, 111, 118; Gallello v Ring, 29 NY2d 721, 722 [1971]; Matter of Happy Landing Lounge v State of N.Y. Liq. Auth., 219 AD2d at 786-787; Matter of South Shore Yacht Club v State Liq. Auth., 34 AD2d 794, 794 [1970]; see also Matter of Gabler v New York State Liq. Auth., 43 AD2d 803, 803 [1973]).
Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.