Matter of Last Train Stop, Inc. v New York State Liq. Auth. (2018 NY Slip Op 03364)





Matter of Last Train Stop, Inc. v New York State Liq. Auth.


2018 NY Slip Op 03364


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-07241
 (Index No. 30623/16)

[*1]In the Matter of Last Train Stop, Inc., etc., petitioner,
v
New York State Liquor Authority, respondent.


Schloss & Schloss, PLLC, Airmont, NY (Jonathan B. Schloss of counsel), for petitioner.
Christopher R. Riano, Albany, NY (Mark D. Frering of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority dated November 9, 2015, as adopted the recommendation of an administrative law judge dated July 13, 2015, made after a hearing, sustaining two charges that the petitioner violated Alcoholic Beverage Control Law § 118(3) and rule 36.1(q) of the Rules of the State Liquor Authority (9 NYCRR) § 53.1(q), and imposing a civil penalty.
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Contrary to the petitioner's contention, neither the Alcoholic Beverage Control Law § 118(3) nor rule 36.1(q) of the Rules of the State Liquor Authority (9 NYCRR) § 53.1(q) require the New York State Liquor Authority (hereinafter the Liquor Authority) to prove that the petitioner knowingly suffered or permitted the disorderly conduct that led to the charges. The petitioner incorrectly relies upon the 1992 Court of Appeals decision in Matter of Beer Garden v New York State Liq. Auth. (79 NY2d 266). In that case, the Court of Appeals held that, because the statutory authority for a charge under the Rules of the State Liquor Authority (9 NYCRR) § 53.1(q) was based upon Alcoholic Beverage Control Law § 106(6), which includes the "suffer or permit" requirement, the Liquor Authority would have to prove that the petitioner knowingly permitted the misconduct. In direct response to the Beer Garden holding, the Legislature added Alcoholic Beverage Control Law § 118(3) to the statute in 1996. That section now provides as follows: "As used in this section, the term for cause shall also include the existence of a sustained and continuing pattern of noise, disturbance, misconduct, or disorder on or about the licensed premises, related to the operation of the premises or the conduct of its patrons, which adversely affects the health, welfare or safety of the inhabitants of the area in which such licensed premises are located." The stated purpose of the amendment was to provide statutory authority to sanction licensees for violations of rule 36.1(q) without a finding that they knowingly suffered or permitted misconduct (see 1996 McKinney's Session Law News of NY, ch 536; Sponsor's Mem in Support, Bill Jacket, L 1996, ch 536 at 8-9; Matter of MJS Sports Bar & Grill, Inc. v New York State Liq. Auth., 129 AD3d 1368). Here, it is undisputed that the petitioner was not charged with knowingly suffering and permitting the alleged misconduct on or about its premises.
The petitioner's contention that the determination was not supported by substantial evidence also is without merit. " Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination [*2]is supported by substantial evidence'" (Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 651, quoting Matter of Albany Manor, Inc. v New York State Liq. Auth., 44 AD3d 759, 759). The Court of Appeals defined substantial evidence as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). "More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (id. at 180-181). " The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d at 652, quoting Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [internal quotation marks and citations omitted]). Moreover, a decision by an administrative hearing officer to credit the testimony of a particular witness is entitled to great weight because he or she had the opportunity to observe the demeanor of the witness (see Matter of Alegre Deli v New York State Liq. Auth., 298 AD2d 581, 582).
Here, the administrative law judge relied on 10 undisputed incidents involving disturbances, misconduct, and disorder, which caused the petitioner's establishment to become a focal point of police attention. These incidents constituted substantial evidence of a sustained and continuing pattern of disturbance, misconduct, or disorder supporting the charges pursuant to Alcoholic Beverage Control Law § 118(3) and rule 36.1(q) of the Rules of the State Liquor Authority (9 NYCRR) § 53.1(q) (see Matter of Willis v New York State Liq. Auth., 118 AD3d 1013; Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth. 103 AD3d 648).
Contrary to the petitioner's contention, Alcoholic Beverage Control Law § 118(3) and rule 36.1(q) of the Rules of the State Liquor Authority (9 NYCRR) § 53.1(q) are not unconstitutionally vague (see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235; Goldberg v Corcoran, 153 AD2d 113).
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court