Matter of Curry v New York City Hous. Auth. (2018 NY Slip Op 03636)





Matter of Curry v New York City Hous. Auth.


2018 NY Slip Op 03636


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6207 100578/16

[*1]In re Bernethea Curry, Petitioner,
v
New York City Housing Authority, Respondent.


Seymour W. James, Jr., The Legal Aid Society, New York (Jamila Wideman of counsel), for petitioner.
David I. Farber, New York (Laura R. Bellrose of counsel), for respondent.



Determination of respondent New York City Housing Authority (NYCHA), dated February 24, 2016, which, after a hearing, terminated petitioner's public housing tenancy upon a finding that she violated a permanent exclusion stipulation, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered September 16, 2016), dismissed, without costs.
In November 2007, NYCHA charged petitioner, a tenant at the Red Hook West Houses in Brooklyn, with non-desirability and breach of NYCHA's rules and regulations, alleging that her son Darryl possessed and sold crack cocaine on or near the complex's grounds. By stipulation dated December 17, 2007 (2007 stipulation), petitioner admitted the charges and agreed to permanently exclude Darryl from her apartment. Specifically, petitioner agreed that she would not permit Darryl to reside in or visit the apartment, and acknowledged that her tenancy would be terminated if he were found there.
In September 2009, NYCHA charged petitioner with violating the 2007 stipulation, alleging that investigators had found Darryl in the apartment on June 16, 2009. At a subsequent hearing, petitioner admitted that she had allowed Darryl to spend the night in her apartment. The hearing officer sustained the charge, but declined to terminate petitioner's tenancy, and instead placed her on probation for one year.
In January 2015, NYCHA again charged petitioner with violating the terms of the 2007 stipulation, alleging that on or about September 6, 2013, investigators found Darryl in petitioner's apartment. After a hearing, the hearing officer sustained the charge, and concluded that petitioner's tenancy should be terminated. The hearing officer noted that termination was the appropriate disposition because petitioner had previously violated the 2007 stipulation. Petitioner then commenced this article 78 proceeding challenging the termination of her tenancy on the ground that it was based on a "false allegation." The petition court transferred the matter to this Court pursuant to CPLR 7804(g) because the petition raised the issue of substantial evidence.
The hearing officer's determination that petitioner violated the 2007 stipulation is supported by substantial evidence (Matter of Quinones v New York City Hous. Auth., 129 AD3d 537, 537 [1st Dept 2015]). The record shows that on September 6, 2013, an investigator visited the apartment, and an individual matching Darryl's photograph answered the door. Petitioner, who was present in the apartment, claimed that the man who had answered the door was her son David. The man, however, was unable to produce any identification. The investigator later obtained David's photograph and confirmed that Darryl, not David, was present in the apartment. Petitioner's presence in the apartment that day, and her false claim that the man who was with her was not Darryl, support a finding that she permitted Darryl to enter the apartment. Although petitioner testified that no investigator had ever visited the apartment in 2013, the hearing officer [*2]found petitioner's testimony, considered with her demeanor, was not credible. No basis exists to disturb this credibility determination (see Latoni v New York City Hous. Auth., 95 AD3d 611 [1st Dept 2012]).
Petitioner's contentions about the conduct of the hearing officer and the performance of her representative are unpreserved since they were not raised at the administrative level (see Matter of Jenkins v New York City Hous. Auth., Amsterdam Houses, 129 AD3d 432, 432 [1st Dept 2015]). Nor did petitioner raise these complaints in her article 78 petition (see Matter of Boyd v Perales, 170 AD2d 245 [1st Dept 1991], lv denied 78 NY2d 851 [1991]). Because these claims are unpreserved, "this Court has no discretionary authority' to reach [them] in the interest of justice" (Matter of OTR Media Group v Board of Stds. & Appeals of the City of N.Y., 141 AD3d 417, 417-418 [1st Dept 2016], lv denied 28 NY3d 912 [2017], quoting Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; see Matter of SCE Group Inc. v New York State Liq. Auth., — AD3d &mdash, 2018 NY Slip Op 01661, *1 [1st Dept 2018]; Green v New York City Police Dept., 34 AD3d 262 [1st Dept 2006]).
Under the circumstances presented, including petitioner's previous violation of the 2007 stipulation and her attempt to deceive the investigator, the penalty of termination does not
shock our sense of fairness (see Matter of Gibbs v New York City Hous. Auth., 82 AD3d 412, 413 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK